**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-2536**

---

NEJAT NASER,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-886-257)

---

Submitted:  May 23, 2005                   Decided:  June 15, 2005

---

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

---

Petition denied by unpublished per curiam opinion.

---

Aragaw Mehari, Washington, D.C., for Petitioner. Paul J. McNulty,
United States Attorney, R. Joseph Sher, Assistant United States
Attorney, Alexandria, Virginia, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nejat Naser, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's decision denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture.[*]

A determination of noneligibility for withholding must be upheld if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We will only reverse "if 'the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted)). To qualify for withholding of removal, Naser must show a clear probability of persecution because of her race, religion, nationality, membership in a particular social group, or political opinion. Rusu, 296 F.3d at 324 n.13 (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). We find substantial evidence supports the Board's decision.

Protection under the CAT is generally granted in the form of withholding of removal. See 8 C.F.R. § 1208.16(c) (2004). An

---

[*]Naser does not challenge the finding that she was not eligible for asylum because the application was not timely.

- 2 -

applicant must establish it is more likely than not that she would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Again, we find the Board's finding is supported by substantial evidence.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>